# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 5337 | DATE | 2/24/2004 |
| CASE TITLE | PASTOR FREDDIE C. BATCHELOR, et al vs. VILLAGE OF EVERGREEN PARK, et al | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendants' motion to dismiss is granted as to all claims, with leave to file an amended complaint on or before March 25, 2004.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | 14 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | LG | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PASTOR FREDDIE C. BATCHELOR, )
THEODORE C. BATCHELOR, JR., )
THEODORE C. BATCHELOR, III, JESUS M. )
BATCHELOR, BERTHA A. CORBITT, )
FANNIE M. CORBITT, )
)
        Plaintiffs, )
)
      vs. ) No. 03 C 5337
)
VILLAGE OF EVERGREEN PARK, MAYOR )
JAMES SEXTON, CHIEF OF POLICE, )
MICHAEL SANDERS, (2) DEPUTY CHIEFS, )
(9) SERGEANTS, VILLAGE OF EVERGREEN )
POLICE OFFICERS STAR #116, #101, #152, )
#006, #140, #150, #153, #203, #214, #417, #151, )
#137, #456, LT. WAYNE GUTKOWSKI, et al., )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed this nine-count complaint against defendants alleging numerous violations of their civil rights. Defendants filed a motion to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that defendants failed to state a claim. For the following reasons, defendants' motion is granted with leave to amend and re-file.

Plaintiffs moved to the village of Evergreen Park in August 1999. They allege that since that time they have been the target of harassment by employees of the village and its police officers because they are black. Plaintiffs claim that defendants have consistently treated them differently than white families in the area by, among other things, pursuing claims against them that they would not pursue against whites and telling people that plaintiffs are involved in drugs.

In deciding a Rule 12(b)(6) motion to dismiss we must assume the truth of all well-pled allegations, making all inferences in the plaintiff's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While the complaint does not need to provide the correct legal theory to withstand a 12(b)(6) motion, it must allege all the elements necessary to recover. Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir. 1985), cert. denied, 475 U.S. 1047 (1986).

Counts I and II

Plaintiffs cannot state a claim for malicious prosecution because no such constitutional tort exists. In Newsome v. McCabe, the Seventh Circuit held that Albright v. Oliver, 510 U.S. 266 (1994) eliminated the possibility of a Section 1983 claim based on malicious prosecution. 256 F.3d 747, 751 (7th Cir. 2001). While this does not foreclose the possibility of a state law claim for malicious prosecution, plaintiffs fail to allege that any charges made against any defendants were terminated in their favor, a necessary element of that tort.

Counts III, IV, V, VI and VIII

Plaintiffs allege that defendants violated a number of federal statutes: 18 U.S.C §§ 241, 242 and 245; 42 U.S.C. § 14141; 42 U.S.C. § 3631. Each of these statues imposes criminal liability in the event of a violation but does not allow a private right of action. Plaintiffs cannot therefore state claims for relief.

Count VII

In order to state a claim for a civil rights violation under 42 U.S.C. § 1981, plaintiffs must allege that (1) they are members of a racial minority; (2) defendants had the intent to

discriminate on the basis of race; (3) their discrimination concerned one or more of the activities listed in the statute (*i.e.* entering into or enforcing a contractual relationship). Morris v. Office Max, Inc., 89 F.3d 411, 413 (7th Cir. 1996). While section 1981 lists various protected activities, plaintiffs fail to allege that defendants discriminated in connection with any of these. They list no specific civil rights violations, claiming only that they have been "underserved" by the community and its officers.

## Count IX

We also decline to exercise jurisdiction over plaintiffs' state law defamation claim at this time – no federal jurisdiction remains following the dismissal of the first eight claims.

Although plaintiffs fail to define a cognizable claim in this complaint, we recognize that they allege facts that may amount to a violation of their civil rights. By invoking 42 U.S.C. §§ 1983 and 1985, plaintiffs cast a wide net and may be able to amend the complaint so as to properly state a claim for recovery.

To state a claim for a violation of civil rights pursuant to 42 U.S.C. § 1983, plaintiffs must allege a deprivation of a federally protected right by someone acting under the color of law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); Bailey v. Andrews, 811 F.2d 366, 371 (7th Cir. 1987). 42 U.S.C. § 1985 requires that plaintiffs establish the existence of a conspiracy to deprive them of protected rights, and an affirmative act in furtherance of that conspiracy. United Brotherhood of Carpenters & Joiners of America, Local 610, AFL-CIO v. Scott, 463 U.S. 825, 828-29 (1983). The complaint must contain facts from which the conspiracy can be inferred. Those facts detailing the conspiratorial agreement may be pled generally, while those documenting the acts must be pled specifically. Quinones v. Szorc, 771 F.2d 289, 291 (7th Cir.

1985).

Plaintiffs may bring a civil rights claim only against those individuals actually responsible for the constitutional deprivation. *See* Sanville v. McCaughtry, 266 F.3d 724, 740 (7th Cir. 2001). They may not rely on the doctrine of *respondeat superior* but must allege sufficient personal involvement in the wrongdoing. *Id.* citing Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001). While plaintiffs list over twenty events involving potential wrongdoing by defendants, they frequently fail to give any indication as to which of the defendants, if any, was responsible. Without adequate information to identify the officers, defendants do not have a fair opportunity to respond to the complaint.

If they choose to amend the complaint, plaintiffs must allege that the involvement of each of the defendants constitutes a violation of their rights. Local governmental entities are liable only if plaintiffs' injuries result from an official policy or custom of that body. Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 (1978). The individual defendants are likely protected by qualified immunity. In order to defeat such immunity, plaintiffs must allege a deprivation of a constitutional right and further allege that the right was clearly established at the time of the alleged violation. Wilson v. Layne, 526 U.S. 603, 609 (1999). In the case of arrests or detentions by police officers (the subject of many of plaintiffs' allegations), plaintiffs must establish that no reasonable officer could have believed that probable cause existed. Humphrey v. Staszak, 148 F.3d 719, 726 (7th Cir. 1998). Many of plaintiffs' allegations involve the failure by one or more of the defendants to prevent harm. Section 1983, however, does not generally allow plaintiffs to state a claim based on such a failure to affirmatively act. DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 200 (1989).

Finally, defendants are correct in asserting that many of the allegations, even if violative of plaintiffs' rights, are not actionable because of the applicable statutes of limitations. The two-year statute of limitations for Illinois personal injury claims applies to the claims pursuant to sections 1983 and 1985. Kalimara v. Illinois Dept. of Corrections, 879 F.2d 276, 277 (7th Cir. 1989). The Illinois Local Governmental and Governmental Employees Tort Immunity Act imposes a one-year limitation on any claims that rely on state tort law. 745 ILCS 10/1-101 *et seq.* While plaintiffs may refer to the other alleged wrongdoing in their complaint, they may do so only to support allegations of violations that occurred within the limitations periods.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted as to all claims, with leave to file an amended complaint on or before March 25, 2004.

JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 24, 2004.