# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5337 | **DATE** | 8/4/2004 |
| **CASE TITLE** | PASTOR FREDDIE C. BATCHELOR, et al vs. VILLAGE OF EVERGREEN PARK, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion And Order. Defendants' motion to dismiss is granted as to all claims.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PASTOR FREDDIE C. BATCHELOR, )
THEODORE C. BATCHELOR, JR., )
THEODORE C. BATCHELOR, III, JESUS M. )
BATCHELOR, BERTHA A. CORBITT, )
FANNIE M. CORBITT, )
  )
          Plaintiffs, )
  )
vs. ) No. 03 C 5337
  )
VILLAGE OF EVERGREEN PARK, MAYOR )
JAMES SEXTON, CHIEF OF POLICE, )
MICHAEL SANDERS, (2) DEPUTY CHIEFS, )
(9) SERGEANTS, VILLAGE OF EVERGREEN )
POLICE OFFICERS STAR #116, #101, #152, )
#006, #140, #150, #153, #203, #214, #417, #151, )
#137, #456, LT. WAYNE GUTKOWSKI, et al., )
  )
          Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed this second amended complaint after the court dismissed their first amended complaint for failure to state a claim, but granted leave to amend and re-file. Batchelor v. Village of Evergreen Park, 2004 WL 756193 (2004). Freddie Batchelor (Ms. Batchelor), Theodore Batchelor Jr.,[1] Theodore Batchelor III (Theodore), Jesus Batchelor (Jesus), Bertha Corbitt, and Fannie Corbitt bring five counts against the Village of Evergreen Park, its mayor, its police chief, and various Evergreen Park police officers. Once again defendants have moved to dismiss all counts. The motion is granted.

As in their first amended complaint, plaintiffs allege that since moving to the Village of Evergreen Park in August 1999, they have been harassed by Evergreen Park employees,

---

[1] Theodore Batchelor Jr. apparently died prior to the filing of the second amended complaint, but he remains as a plaintiff.

including police officers, because they are black. They allege that defendants have pursued claims against them that they would not have pursued against white families, and that they have also slandered some of the plaintiffs by stating that they were involved with gangs and drug activity. Plaintiffs complain that they have been subject to a pattern of false arrests, stops and seizures, as well.

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the sufficiency of the complaint, not the merits of the case. Triad Assocs., Inc. v. Chicago Hous. Auth., 892 F.2d 583, 586 (7th Cir. 1989). In deciding a motion to dismiss, the court must assume the truth of all well-pleaded allegations, making all inferences in the plaintiff's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The complaint need not provide a correct legal theory to avoid dismissal, but it must allege all elements necessary to recover. Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir. 1985), *cert. denied*, 475 U.S. 1047 (1986).

Defendants first argue that plaintiffs' complaint names parties that should be dismissed from this action. They contend that numerous defendants named in the complaint's caption are not alleged to have any personal involvement in the wrongful activity and that plaintiffs improperly rely on the doctrine of *respondeat superior*. As the need arises, we will address the sufficiency of the allegations against individual defendants during our review of the individual counts. However, at this stage we can dismiss plaintiffs Bertha and Fannie Corbitt from this action. Neither plaintiff has alleged that defendants violated their rights or engaged in other wrongful behavior that harmed them. Though plaintiffs state in their response that police

officers did not allow the Corbitts to use a police station bathroom, a response cannot be used to amend a complaint. *See* Thomason v. Nachtrieb, 888 F.2d 1202, 1205 (7th Cir. 1989). Even if this did amend the complaint, plaintiffs' allegation that police officers did not allow them to use the police station's bathroom does not state a constitutional claim absent an allegation that plaintiffs were denied access to the facilities while whites were allowed to use the bathroom. In their response to the motion to dismiss, plaintiffs state that others did use the bathroom, but they do not allege that access to the facilities was based on race[2], a necessary allegation for a section 1983 claim.

We will first review plaintiffs' federal law claims. Counts II and III of plaintiffs' second amended complaint allege violations of 42 U.S.C. §§ 1981 and 1983, respectively. In these two counts, plaintiffs claim that the Village of Evergreen Park, Mayor James Sexton, Chief of Police Michael Saunders, and other police officers violated their civil rights by discriminating in the enforcement of village ordinances. Specifically, the complaint references three incidents that occurred on May 6, May 17 and May 19, 2003, involving Theodore, Jesus, and Ms. Batchelor. On May 6, Theodore was allegedly called names by an officer. On May 17, police officers told Theodore not to return to a certain area after a fight broke out. On May 19, an altercation involving numerous youths, including Theodore, took place outside the Batchelor's home. That same day Theodore was arrested for allegedly threatening someone with a gun and discharging it. After the altercation, Ms. Batchelor claims that she was denied the opportunity to file a complaint against individuals who had trespassed on her property. While no details of the incidents are provided, the complaint states that on previous occasions

---

[2]The other people they witnessed using the bathroom may have been employees of the station or they may have been members of a protected class. Plaintiffs do not specifically allege that the denial was race based, thus eliminating these possibilities.

Police Chief Saunders had denied Ms. Batchelor the opportunity to file complaints against white residents of Evergreen Park who had committed hate crimes. Ms. Batchelor also complains that she was not informed by the police department that her minor son, Jesus, was arrested on April 28, 2003.

As explained in our opinion dismissing their first amended complaint, to state a claim under section 1981 plaintiffs must allege that (1) they are members of a racial minority; (2) defendants had the intent to discriminate on the basis of race; and (3) their discrimination concerned one or more activities listed in the statute ("[T]o make or enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property...."). Morris v. Office Max, Inc., 89 F.3d 411, 413 (7th Cir. 1996). Though plaintiffs can arguably satisfy the first two elements of a section 1981 claim, they cannot satisfy the third. Section 1981 governs contractual relationships and therefore the Seventh Circuit has found that "[i]n order to bring a section 1981 claim there must at least be a contract." Gonzalez v. Ingersoll Mill. Mach. Co., 133 F.3d 1025, 1034 (7th Cir. 1998); Dunn v. Pace Suburban Bus Service, 2001 WL 1558277 at *3 (N.D. Ill. 2001). None of the plaintiffs has a contractual relationship with the defendants, nor do the allegations involve interference with plaintiffs' ability to enter into a contract.

To state a section 1983 claim, plaintiffs must allege that a person, acting under the color of law, deprived them of a federally-protected right. Gomez v. Toledo, 446 U.S. 635, 640 (1980). Neither the alleged name-calling of May 6, 2003, nor the police request of May 17, 2003, deprived Theodore of a right protected by section 1983. As defendants highlight, the Constitution does not guarantee Ms. Batchelor the right to file a police complaint or to be notified of her child's arrest. However, it does guarantee her equal protection. Nonetheless,

Ms. Batchelor fails to state a section 1983 claim based on the deprivation of equal protection of the laws under the Fourteenth Amendment. A *prima facie* case of discrimination under the equal protection clause requires her to show that she is a member of a protected class, is similarly situated to members of the unprotected class, and yet was treated differently than the members of the unprotected class. McNabola v. Chicago Transit Authority, 10 F.3d 501, 513 (7th Cir. 1993). She also needs to show that defendants acted with discriminatory intent. Ms. Batchelor has not alleged that members of the unprotected class attempted to file complaints similar to hers and were allowed to proceed, while she was not.

In count IV, plaintiffs allege that Mayor Sexton, Police Chief Sanders, and three other officers, conspired to revoke Jesus' and Theodore's driver's licenses and give them criminal records in violation of 42 U.S.C. § 1985. To state a claim under section 1985, a plaintiff must allege "(1) the existence of a conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of the alleged conspiracy, and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens." Majeske v. Fraternal Order of Police, Local Lodge No. 7, 94 F.3d 307, 311 (7th Cir. 1996)(citing United Brotherhood of Carpenters and Joiners, Local 610, et al. v. Scott, 463 U.S. 825, 828-29 (1983)). As we noted in our previous opinion, when bringing a section 1985 claim, plaintiffs may plead facts detailing the conspiratorial agreement generally, but they must plead facts regarding the conspiratorial acts specifically. Quinones v. Szorc, 771 F.2d 289, 291 (7th Cir. 1985). Despite this, plaintiffs' allegations of conspiratorial acts remain vague. Plaintiffs state that unnamed police officers began harassing Jesus in August 1999, by "arresting and attempting to charge him with a criminal charge every other week...." Police officers would also stop Theodore and "issue 2-3 tickets." No more detail is given about these incidents.

Plaintiffs do not state how the named defendants are involved in these actions, nor when they occurred, nor that a reasonable officer could not have believed that probable cause existed to detain Jesus or Theodore.

Defendants argue that this count should be dismissed to the extent it is based on actions taken more than two years prior to the filing of plaintiff's complaint, because Illinois' two-year statute of limitations for personal injury claims applies to section 1985. *See* Kalimara v. Illinois Dept. of Corrections, 879 F.2d 276, 277 (7th Cir. 1989). We agree. As these allegedly conspiratorial acts were not pleaded with specificity, and they are subject to Illinois' statute of limitations,[3] this claim is dismissed to the extent it relies on these acts.

Plaintiffs' section 1985 claim is also based on events that are not subject to the statute of limitations – Theodore's arrest on May 19, 2003, and his ensuing detention. While plaintiffs maintain that unnamed police officers arrested Theodore, conducted an improper show-up, failed to take testimony from all witnesses, denied his right to counsel, and did not feed him for two days, as part of a conspiracy, they fail to plead that any *named* defendants performed actions in furtherance of the alleged conspiracy. In order to respond to a complaint, defendants must have proper notice of the allegations against them. Exhibit 2 attached to plaintiffs' complaint also undermines their section 1985 claim. The exhibit states that Theodore's arrest was not the result of conspirators' acts, but rather the result of eyewitness reports that he fired a gun. While plaintiffs presumably did not submit this exhibit with their complaint for the truth of its content, it supports the notion that a reasonable officer could have believed that probable cause existed.

---

[3]Given that plaintiffs' original complaint was filed on August 1, 2003, the statute of limitations bars plaintiffs from relying on any action taken by defendants before August 1, 2001 for their section 1985 claim. Section 1985 allegations that did not appear until plaintiffs' second amended complaint are barred unless they occurred on or after March 25, 2002.

Furthermore, the <u>Younger</u> abstention doctrine keeps us from entertaining plaintiffs' civil rights claim while state criminal proceedings against Theodore, directly related to the claim, are still pending. Generally, a federal proceeding is not barred by a pending state court action concerning the same matter. <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800, 817 (1976). However, the Supreme Court recognized an exception to this general precept in <u>Younger v. Harris</u>, 401 U.S. 37 (1970). Under <u>Younger</u>, "federal courts must abstain from interfering with ongoing state criminal proceedings absent extraordinary circumstances." <u>Cage v. Fairman</u>, 1995 WL 743752 at *2 (N.D.Ill. 1995)(citing <u>Arkebauer v. Kiley</u>, 985 F.2d 1351, 1357 (7th Cir. 1993). Federal courts will not entertain claims seeking monetary damages under section 1983 or 1985 that call on the court to rule on issues in dispute in the state court proceedings. *See* <u>Cage</u>, 1995 WL 743752 at *2; <u>Hudson v. Chicago Police Dept.</u>, 860 F.Supp. 521, 523 (N.D.Ill. 1994). Plaintiffs' rely on the events related to Theodore's arrest on May 19, 2003, for their section 1985 claim. To rule on this claim, we would need to consider a number of issues which would directly impact on the validity of a conviction against Theodore, such as the propriety of his line-up, his access to counsel, and the integrity of the criminal investigation. A civil rights claim for damages must wait until after the plaintiff has been acquitted or his conviction or sentence has been reversed or called into question by a writ of habeus corpus. <u>Cage</u>, 1995 WL 743752 at *2 (citing <u>Heck v. Humphrey</u>, 512 U.S. 477, 486 (1994)).

Plaintiffs here complain about a variety of incidents, some of which might provide a basis for § 1983 claims. But they continue to plead in a general fashion, usually failing to name the persons who supposedly engaged in the conduct complained of or what it is that each supposedly did and when. Their attached newspaper articles, lists of generally described

incidents, and copies of letters cannot substitute for a pleading that provides notice to specific individuals of what they personally have done that violates the law, and when.

Plaintiffs have also brought two state law claims: count I for malicious prosecution and count V for defamation. We decline to exercise jurisdiction over these state law claims since no federal jurisdiction remains after our dismissal of plaintiffs' federal claims.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted as to all claims.

*James B. Moran*<br>
JAMES B. MORAN<br>
Senior Judge, U. S. District Court

Aug. 4, 2004.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Eastern Division

PASTOR FREDDIE C. BATCHELOR, et al

**JUDGMENT IN A CIVIL CASE**

v.

Case Number: 03 C 5337

VILLAGE OF EVERGREEN PARK, et al

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendants' motion to dismiss is granted as to all claims.

Michael W. Dobbins, Clerk of Court

Date: 8/4/2004

Linda Garth, Deputy Clerk